**UNITED STATES of America**

v.

**Daniel REGISSER.**

**Crim. No. 1994–69.**

United States District Court,
District of Columbia.

March 2, 1970.

Jean F. Dwyer, Dwyer & Lamb, Washington, D. C., for defendant.

James E. Sharp, Asst. U. S. Atty., for the United States.

## MEMORANDUM OPINION

GESELL, District Judge.

This is a two-count indictment charging kidnapping under both 22 D.C.Code § 2101 and 18 U.S.C. § 1201. A preliminary hearing was held before a Magistrate. After the testimony of the complaining witness, a young girl, had been taken, defendant sought to test the credibility of the complainant by calling her mother. The Government moved to dismiss; the Magistrate granted the motion. The Government subsequently proceeded by an original grand jury indictment. Because of the nature of the complainant's testimony, the Magistrate was uncertain whether probable cause had been shown. Defendant moves to dismiss the indictment and, in the alternative, to suppress the complainant's testimony on the ground that the conduct of the prosecution during the preliminary hearing was so improper and prejudicial that only this drastic remedy will correct the situation.

Under present-day conditions, a preliminary hearing usually serves no useful purpose. Detention pending trial in a non-capital case such as this is rare since the Bail Reform Act and certainly presented no problem here given defendant's stable employment, lack of record and other favorable factors. While a preliminary hearing may also be used for purposes of discovery, here again there is ample opportunity for discovery both under the Federal Rules of Criminal Procedure, which are given broad application in this jurisdiction, and through informal discussions with the prosecutor. Indeed, in this particular instance, the inquiry as to the complainant's credibility admittedly had no discovery aspect. The only remaining purpose of a preliminary hearing is promptly to clear the name of an accused where probable cause is absent. Since the decision in Ross v. Sirica, 127 U.S.App.D.C. 10, 380 F.2d 557 (1967), this function of the preliminary hearing is of dubious significance since an indictment can be returned at any time while the preliminary hearing is in progress. The ruling in Ross v. Sirica is expressly endorsed by the new Proposed Rules of Criminal Procedure.

Upon analysis, the gravamen of this motion appears to be that the District Court should punish the U. S. Attorney's Office by quashing the indictment or by suppressing the complainant's testimony because of allegedly unseemly conduct by the prosecutor before the Magistrate. The Magistrate himself, however, has power to institute contempt proceedings under 28 U.S.C. § 636(d) and none has been initiated in this case. It is not the function of this Court to frustrate the public interest by doing something ob-

liquely which can be handled directly at the Magistrate's own initiative in an appropriate case.

The motion is denied.